IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MCCD VENTURES MANAGEMENT, LLC;** § <br> **MCCD VENTURES PEMBROKE, LLC;** § <br> **MCCD VENTURES HOLDING, LLC;** § <br> and **MCCD VENTURES DORAL, LLC,** § <br>          § <br>     Plaintiffs, § <br>          § <br> v.       § <br>          § <br> **CLINTON HERZOG; JON GLASER;** § <br> **FLOSS MANAGEMENT COMPANY;** § <br> and **SYMBIO, LLC,** § <br>          § <br>     Defendants. § | Civil Action No. **3:18-CV-1787-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Default Judgment (Doc. 18), filed December 13, 2018. After consideration of the motion, brief, supporting evidence, record, and applicable law, the court **grants** Plaintiffs' Motion for Default Judgment as to Defendants Clinton Herzog, Floss Management Company, and Symbio, LLC, and **denies as moot** the motion as to Defendant Jon Glaser (Doc. 18).

**I.    Factual and Procedural Background**

Plaintiffs MCCD Ventures Management, LLC; MCCD Ventures Pembroke, LLC; MCCD Ventures Holding, LLC; and MCCD Ventures Doral, LLC (collectively, "Plaintiffs") brought this action against Defendants Clinton Herzog ("Herzog"), Jon Glaser ("Glaser"), Floss Management Company ("FMC"), and Symbio, LLC ("Symbio") (collectively, Defendants") on July 11, 2018, asserting claims for: (1) violation of Florida's Deceptive and Unfair Trade Practices Act; (2)

fraudulent inducement and fraudulent omissions; (3) negligent misrepresentation and negligent omissions; (4) violation of Florida's Franchise Act; (5) breach of the parties' franchise agreements and Area Development Agreement; (6) breach of the implied covenant of good faith and fair dealing; and (7) violation of Texas Business and Commerce Code, Section 17.46 & 17.50, *et seq*. Plaintiffs' claims pertain to Defendants' conduct in offering and selling "Floss" franchised businesses providing a full range of dental services. According to Plaintiffs' Complaint, the claims asserted pertain to Defendants' offer and sale of Floss franchises and area development rights to Plaintiffs.

On December 26, 2018, after Plaintiffs moved for entry of default and default judgment against Defendants, Glaser filed an answer. On September 5, 2019, Plaintiffs and Glaser filed an agreed motion to dismiss all claims against him without prejudice, which was granted by the court on September 10, 2019. None of the other Defendants has answered or otherwise responded to the Complaint. Entry of default by the clerk of the court was entered as to all Defendants, except Glaser, on November 21, 2018.

In their Motion for Default Judgment, Plaintiffs request that the court enter a default judgment against all Defendants and award them damages as a result of Defendants' default and postjudgment interest. Plaintiffs also request that Defendants be required to reimburse and indemnify Plaintiff MCCD Ventures Pembroke, LLC ("Ventures Pembroke") for any monies that Ventures Pembroke pays under its lease that it entered into connection with its Floss franchise, including any early termination fee or other amount that Ventures Pembroke pays to extinguish its liability under the lease. According to Plaintiffs' pleadings and evidence, Ventures Pembroke executed a franchise agreement for the operation of a Floss franchise located in Pembroke Pines, Florida. Ventures Pembroke entered into a long-term, ten-year lease in connection with its Floss

franchise. The lease provides that Ventures Pembroke is to start making rent payments in late 2019, and, while Ventures Pembroke has not yet made any rent payments, the annual rent called for under the lease is $88,237.80.

## II.     Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law.  Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against all Defendants, except Glaser.  As noted, the claims against Glaser have been dismissed.  The court, therefore, considers whether entry of a default judgment against the remaining Defendants is appropriate.

Based upon the information in the record, the court finds, that Defendants Herzog, FMC, and Symbio are not minors, incompetent persons, or members of the United States military.  Defendants Herzog, FMC, and Symbio, by failing to answer or otherwise respond to Plaintiff's Complaint, have admitted the well-pleaded allegations of the Complaint and are precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, Defendants Herzog, FMC, and Symbio may not contest the "sufficiency of the evidence" on appeal but "[are] entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.*

Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, the evidence submitted by Plaintiffs in support of their Motion for Default Judgment, and the

record in this action, the court determines that Defendants Herzog, FMC, and Symbio are in default, and that Plaintiffs are entitled to a default judgment and appropriate damages.

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citation omitted). Plaintiffs request that the court award damages to MCCD Ventures Management, LLC in the amount of $681,021.72; to MCCD Ventures Holding, LLC in the amount of $87,500; and to MCCD Ventures Doral, LLC in the amount of $75,457.33, and they have submitted evidence supporting their entitlement to these damage amounts. The court, therefore, determines that Plaintiffs are entitled to recover a judgment for these amounts. In addition, Defendants shall be required to reimburse and indemnify Ventures Pembroke for any monies that Ventures Pembroke pays under the lease it entered in connection with its Floss franchise, including any early termination fee or other amount that Ventures Pembroke is required to pay to extinguish its liability under the lease.

### III.   Conclusion

For the reasons stated, the court **grants** Plaintiffs' Motion for Default Judgment (Doc. 18) as to Defendants Herzog, FMC, and Symbio and **denies as moot** the motion as to Defendant Glaser. Accordingly, the court will enter a default judgment in favor of Plaintiffs against Defendants Herzog, FMC, and Symbio, jointly and severally, in the total amount of **$843,979.05**, which shall be paid as follows: damages to MCCD Ventures Management, LLC in the amount of **$681,021.72;** damages to MCCD Ventures Holding, LLC in the amount of **$87,500**; damages to MCCD Ventures Doral, LLC in the amount of **$75,457.33**, plus postjudgment interest on the total amount of damages at the applicable federal rate of **1.81%** per annum. In addition, Defendants will be required to reimburse

and indemnify Plaintiff MCCD Ventures Pembroke, LLC for any and all amounts it is required to pay to extinguish its liability under the lease it entered in connection with its Floss franchise.  As there is no request for prejudgment interest, none will be awarded.  In accordance with Rule 58 of the Federal Rules of Civil Procedure, a default judgment will issue by separate document.

**It is so ordered** this 26th day of September, 2019.

Sam A. Lindsay
United States District Judge